**DINH XUAN VU, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 05–60557.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 14, 2006.

Richard Prinz, Law Office of Richard Prinz, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Daniel David Hu, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Hipolito Acosta, U.S. Immigration & Naturalization Service, Houston, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Dinh Xuan Vu petitions for review of an order by the Board of Immigration Ap-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

peals (BIA), which denied his request for relief under former Immigration and Nationality Act § 212(c), former 8 U.S.C. § 1182(c). Vu argues that the immigration judge (IJ) erred when he precluded any witnesses other than Vu from testifying on Vu's behalf and that this error violated Vu's due process right to fundamental fairness.

This court does not have to determine whether the IJ erred because there was substantial evidence in the record before the BIA to support the BIA's conclusion that Vu's positive equities were outweighed by his negative attributes. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir.1994). Vu is not entitled to relief since he is unable to establish that any error made his hearing fundamentally unfair, might have led to the denial of justice, or caused him substantial prejudice. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir.1997); *Animashaun v. INS*, 990 F.2d 234, 238 (5th Cir. 1993).

Vu also argues the IJ mistakenly determined that Vu's prior § 212(c) waiver made him ineligible for a § 212(c) waiver now. The IJ did not make such a determination; he found that Vu did not deserve another opportunity to remain in the country. Accordingly, Vu's petition for review is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.